IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOBBY RICHARDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 20 CV 4254 |
| ) | |
| VILLAGE OF DOLTON and OFFICERS ) | |
| PATRICK CARR, #104, CAMERON ) | |
| BIDDINGS, #134, and UNKNOWN ) | |
| OFFICER, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES the Plaintiff, BOBBY RICHARDSON, by and through counsel, SHILLER PREYER JARARD & SAMUELS, and complaining of the defendants, VILLAGE OF DOLTON, OFFICER CARR, #104, OFFICER BIDDING, #134, and UNKNOWN OFFICER, states as follows:

## INTRODUCTION

This is a civil action seeking damages against defendants for committing acts under color of law, and depriving Plaintiff of rights secured by the Constitution and laws of the United States.

## JURISDICTION

1. This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

1

2. The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States.

3. Pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

## PARTIES

4. Plaintiff, BOBBY RICHARDSON, is a citizen of the United States of America, who, at all times relevant, resided in Cook County, Illinois.

5. Defendants, OFFICER CARR, #104, OFFICER BIDDING, #134, and UNKNOWN OFFICERS ("Defendant Officers") were, at the time of this occurrence, duly licensed Dolton Police Officers. They engaged in the conduct complained of in the course and scope of their employment and under color of law. Defendant Officers are sued in their individual capacity.

6. Defendant VILLAGE OF DOLTON ("Village") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officers.

## FACTS

7. On or around 27 January 2019, at approximately 4:28 PM, Plaintiff Bobby Richardson went to White Castle with his friends.

8. Defendant Carr was already in the establishment waiting for his food.

9. During a brief conversation, Defendant Carr tried to intimidate Bobby he walked away.

10. In a clear abuse of authority, Defendant Carr then radioed for the other defendant officers to assist him in the unlawful arrest of Mr. Richardson.

11. After the other defendant officers arrived, Plaintiff was attacked by them from behind.

12. Defendant Officers used excessive force against Plaintiff Bobby Richardson, including making forcible contact with his face and body, and using a hold around Plaintiff's neck. At the time, Plaintiff Bobby Richardson was unarmed and had committed no crime. The force used against Plaintiff was objectively unreasonable.

13. Plaintiff Bobby Richardson was then arrested by Defendant Officers. Plaintiff's arrest was made without a warrant. Immediately before he was arrested by the Defendant Officers, Plaintiff was not violating any laws, rules or ordinances. As the Plaintiff was being arrested, he was not violating any laws, rules, or ordinances. There was no probable cause or justification for the arrest of Plaintiff Bobby Richardson on 27 January 2019.

14. Defendant Officers then swore out false reports, causing Richardson to be charged with Assault, Battery, and Resisting a Peace Officer although they knew that he had committed no crime.

15. Defendant Officers also attempted to spoliate evidence by denying White Castle had any security footage and/or that claiming they were unable to obtain it.

16. However, White Castle did have video and Plaintiff was able to get a copy of the exonerating video.

17. After reviewing the video, on 16 July 2020 the prosecutor dismissed all charges against Richardson in a manner consistent with his innocence.

18. The acts of Defendant Officers complained about herein were intentional, willful, and wanton.

19. As a direct and proximate result of the unlawful actions of the defendants, Plaintiff was injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of his constitutional rights, liberty, taking of his person, taking of his property and dignity, interference with a normal life, lost time, financial loss, and attorneys' fees.

### COUNT I: 42 U.S.C. § 1983 – Excessive Force

20. Plaintiff re-alleges the above paragraphs as though fully set forth herein.

21. The actions of the Defendant Officers constituted unreasonable, unjustifiable, and excessive force against Plaintiff, thus violating his rights under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

22. As a direct and proximate result of the unlawful actions of the defendants, Plaintiff was injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of his constitutional rights, liberty, taking of his person, taking of his property and dignity, interference with a normal life, lost time, financial loss, and attorneys' fees.

WHEREFORE the Plaintiff, BOBBY RICHARDSON, purusant to 42 U.S.C. §1983, demands judgment against the DEFENDANT OFFICERS for compensatory damages,

punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT II: 42 U.S.C. § 1983 – False Arrest

23. Plaintiff re-alleges each of the foregoing paragraphs as if fully set forth here.

24. The actions of Defendant Officers, described above, knowingly caused Plaintiff to be arrested and imprisoned without probable cause or any other justification, constituted a deliberate indifference to Plaintiff's right under U.S. Constitution in violation of the Fourth and Fourteenth Amendment.

25. As a direct and proximate result of the unlawful actions of the defendants, Plaintiff was injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of their constitutional rights, liberty, taking of his person, taking of his property and dignity, interference with a normal life, lost time, financial loss, and attorneys' fees.

WHEREFORE the Plaintiff, BOBBY RICHARDSON, purusant to 42 U.S.C. §1983, demands judgment against the DEFENDANT OFFICERS for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT III: 42 U.S.C. § 1983 – Unlawful Pretrial Detention

26. Plaintiff re-alleges each of the foregoing paragraphs if fully set forth here.

27. Defendant Officers accused Plaintiff of criminal activity knowing those accusations to be without genuine probable cause, and they submitted reports

5

and statements to prosecutors with the intent of instituting and continuing judicial proceedings against Plaintiff.

28. Defendant Officers caused Plaintiff to be improperly subjected to judicial proceedings for which there was no probable cause.

29. As described more fully above, Defendant Officers, while acting individually and jointly, deprived Plaintiff of his constitutional rights by deliberately filing false police reports.

30. Defendant Officers continued to mislead and misdirect the criminal prosecution of Plaintiff during the pendency of his detainment and criminal case.

31. As a result of obtaining video footage from White Castle, the state dismissed all charges against Plaintiff on 16 July 2020.

32. Defendant Officers' misconduct directly and proximately caused violations of Plaintiff's constitutional rights, loss of liberty, monetary expenses, emotional distress, and other injuries.

33. The misconduct described here was objectively unreasonable and undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

WHEREFORE the Plaintiff, BOBBY RICHARDSON, purusant to 42 U.S.C. §1983, demands judgment against the DEFENDANT OFFICERS for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT IV: 42 U.S.C. § 1983 – Conspiracy

34. Plaintiff re-alleges each of the foregoing paragraphs as if fully set forth here.

35. As described more fully above, Defendant Officers reached an agreement amongst themselves to punish Plaintiff for a crime he did not commit, and to thereby deprive Plaintiff of his Constitutional rights, all as described more fully throughout this Complaint.

36. In this manner, Defendant Officers, acting in concert with each other, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

37. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

38. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and he suffered damages, severe emotional distress and anguish, and a deprivation of his liberty, as is more fully alleged above.

39. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff and others.

40. As a direct and proximate result of the unlawful actions of the defendants, Plaintiff was injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of their constitutional rights, liberty, taking of his person, taking of his property and dignity, interference with a normal life, lost time, financial loss, and attorneys' fees.

WHEREFORE the Plaintiff, BOBBY RICHARDSON, purusant to 42 U.S.C. §1983, demands judgment against the DEFENDANT OFFICERS for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT V: ILCS 10/9-102 – Indemnification

41. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

42. Defendant Village is the employer of the Defendant Officers.

43. Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees Defendant Village.

WHEREFORE the Plaintiff, BOBBY RICHARDSON, demands that, should any individually-named defendant be found liable on one or more of the claims set forth above, pursuant to 745 ILCS 10/9-102, the Defendant, VILLAGE OF DOLTON, be found liable for any judgment Plaintiff obtains, as well as attorney's fees and costs awarded.

## COUNT VI: Battery (State Law Claim)

44. Plaintiff re-alleges each of the foregoing paragraphs as if fully set forth here.

45. By the actions detailed above, the Defendant Officers intentionally made unwanted and offensive bodily contact against Plaintiff and inflicted harm to Plaintiff.

46. By the actions detailed above, Plaintiff was harmed.

47. As a direct and proximate result of the assault, Plaintiff was injured.

48. Defendant Village is sued in this count pursuant to the doctrine of respondeat superior, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant Village, and while acting within the scope of that employment.

WHEREFORE the Plaintiff, BOBBY RICHARDSON, demands judgment against DEFENDANT OFFICERS for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT VII: Intentional Infliction of Emotional Distress (State Law Claim)

49. Plaintiff re-alleges each of the foregoing paragraphs as if fully set forth here.

50. The above-detailed conduct by Defendant Officers was extreme and outrageous, exceeding all bounds of human decency.

51. Defendants Officers performed the acts detailed above with the intent of inflicting severe emotional distress or with knowledge of the high probability that the conduct would cause such distress.

52. Defendant Village is sued in this count pursuant to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant Village, and while acting within the scope of that employment.

53. As a direct and proximate result of this conduct, Plaintiff did, in fact, suffer severe emotional distress, resulting in injury to his mind, body, and nervous

system, including loss of sleep, mental anguish, and excruciating physical pain and emotional suffering.

WHEREFORE the Plaintiff, BOBBY RICHARDSON, demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT VIII: Malicious Prosecution (State Law Claim)

54. Plaintiff re-alleges each of the foregoing paragraphs as if fully set forth here.

55. By the actions detailed above, Defendant Officers knowingly sought to and did in fact maliciously prosecute Plaintiff on false charges for which they knew there was no probable cause.

56. Defendant Village is sued in this Count pursuant to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant Village, and while acting within the scope of this employment.

57. As a direct and proximate result of the unlawful actions of the defendants, Plaintiff was injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of their constitutional rights, liberty, taking of his person, taking of his property and dignity, interference with a normal life, lost time, financial loss, and attorneys' fees.

WHEREFORE the Plaintiff, BOBBY RICHARDSON, demands judgment against the DEFENDANT OFFICERS for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

        Respectfully Submitted,

        **BOBBY RICHARDSON**

By:   s/ Jeanette Samuels
        *One of Plaintiff's Attorneys*

SHILLER PREYAR JARARD & SAMUELS
601 South California Avenue
Chicago, Illinois 60612
T: 312-226-4590
F: 773-346-1221
E: sam@spjslaw.com